Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



TIMOTHY SNYDER,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00246-CR

Appeal from the

210th District Court

of El Paso County, Texas

(TC# 20010D00809)




O P I N I O N

           This is an appeal from a conviction for the offense of failure to register as a sex
offender. Appellant pleaded guilty to the court and the court assessed punishment at two
years’ imprisonment in the State Jail Division of the Texas Department of Criminal Justice. 
We affirm.
I. SUMMARY OF THE EVIDENCE
           Appellant was indicted for failure to register as a sex offender by an El Paso County
grand jury on February 20, 2001. At a hearing prior to the entry of Appellant’s guilty plea,
the court heard Appellant’s contentions regarding his pro se “Motion for Dismissal for
Failure to Take Action on Agreement on Detainers.”


 The evidence revealed that Appellant
was arrested in Ogden, Utah for traffic offenses. It was discovered that there were two
fugitive from justice warrants out of Texas. Appellant waived extradition. The charges in
Utah were dismissed without prejudice. Appellant was brought back to Texas on the basis
of a “blue warrant” for a parole violation. It was found that Appellant violated his parole. 
A hold was placed on Appellant by the El Paso authorities regarding the pending indictment.


 
                                                        II. DISCUSSION
           In Issue Nos. One and Two, Appellant asserts that the court erred in denying his
motion to dismiss the charge against him in that the charge should have been dismissed
pursuant to the Interstate Agreement on Detainers Act because it was not disposed of within
180 days. The Interstate Agreement on Detainers Act, article 51.14 of the Code of Criminal
Procedure, provides for the delivery of a prisoner in one state to another state to stand trial
for untried indictments, informations, or complaints. The Act provides that the prisoner is
to be brought to trial within 180 days after he shall have caused to be delivered to the
prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written
notice of the place of his imprisonment and his request for a final disposition to be made of
the indictment, information, or complaint. The request of the prisoner shall be accompanied
by a certificate of the appropriate official having custody of the prisoner, stating the term of
commitment under which the prisoner is being held, the time already served, the time
remaining to be served on the sentence, the amount of good time earned, the time of parole
eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner. 
Tex. Code Crim. Proc. Ann. art. 51.14, Article III(a) (Vernon 1979).
           Thus, to avail himself of the protections of the Act, a defendant is required to provide
written notice to the non-custodial state of his request for a final disposition of his
indictment. Such notice may be provided through the custodial state or by the defendant. 
However, such notice must comply with the form required by the Act, and must be sent by
registered or certified mail, return receipt requested. Tex. Code Crim. Proc. Ann. art.
51.14, Article III(b) (Vernon 1979); Burton v. State, 805 S.W.2d 564, 575 (Tex. App.--Dallas
1991, pet. ref’d). In this case, there is nothing in the record to indicate that Appellant was
in Texas by the authority of the Act. Furthermore, there is nothing in the record to show that
Appellant made a request for a disposition of his indictment in compliance with the Act. 
Appellant was not entitled to a dismissal of his case for failure to comply with the Act. Issue
Nos. One and Two are overruled.
           We affirm the judgment of the trial court.
                                                                  RICHARD BARAJAS, Chief Justice
September 22, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)